## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DAVID W. FOLEY, JR.; and
JENNIFER T. FOLEY,

      Plaintiffs,

v.                                    Case No. 6:22-cv-456-RBD-EJK

ORANGE COUNTY; ASIMA AZAM;
TIM BOLDIG; FRED BRUMMER;
RICHARD CROTTY; FRANK
DETOMA; MILDRED FERNANDEZ;
MITCH GORDON; TARA GOULD;
CAROL HOSSFIELD; TERESA
JACOBS; RODERICK LOVE;
ROCCO RELVINI; SCOTT
RICHMAN; JOE ROBERTS;
MARCUS ROBINSON; TIFFANY
RUSSELL; BILL SEGAL; PHIL
SMITH; and LINDA STEWART,

      Defendants.
_____

## ORDER

Before the Court is Defendants' Motion for Judgment Pursuant to Rule 58.

(Doc. 71 ("Motion").)

The Court previously dismissed the *pro se* Plaintiffs' case with prejudice.

(Doc. 70.) Defendants then filed the instant Motion seeking the entry of a separate

final judgment under Federal Rule of Civil Procedure 58. (Doc. 71.) Plaintiffs

subsequently appealed from the dismissal order. (Docs. 84, 105, 109, 115, 123.) But

they did not substantively oppose the Motion for final judgment, asking only that its resolution be delayed until after the Court ruled on their motion for reconsideration of the dismissal order, which was later denied. (Docs. 83, 89, 104.)

The Motion was referred to U.S. Magistrate Judge Embry J. Kidd, who entered a Report and Recommendation submitting that the Court should grant the Motion and enter a separate judgment to avoid any confusion as to the finality of the dismissal order. (Doc. 125 ("R&R").) Judge Kidd noted the lack of substantive opposition by Plaintiffs. (*Id*.) Plaintiffs then objected to the R&R on the ground that it was moot. (Doc. 129 ("Objection").)

After an independent *de novo* review of the record, the Motion, and the Objection, the Court agrees with Judge Kidd's R&R. *See* 28 U.S.C. § 636(b)(1); *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). It is true that parties may waive the Rule 58(d) requirement, and many parties do treat a dismissal with prejudice as a final appealable order even without a separate judgment. *See Llauro v. Linville*, No. 20-12862, 2021 WL 5767935, at *3 (11th Cir. Nov. 6, 2021). But in this case, Defendants *did* request a separate judgment for clarity—and understandably so, as Plaintiffs, being *pro se*, have demonstrated confusion as to whether the dismissal order was immediately appealable. (*See* Doc. 120, p. 6; *see also* Docs. 84, 105, 109, 115, 123.) Given Defendants' request and Plaintiffs' lack of substantive opposition to the Motion, the Court agrees with

Judge Kidd that a separate judgment here is warranted; as such, Plaintiffs' Objection to the R&R is not well-taken. *See* Fed. R. Civ. P. 58 advisory committee's note (emphasizing that the purpose of the rule is to provide clarity as to appellate rights); *cf. Llauro*, 2021 WL 5767935, at *3 (noting waiver where one party appeals from a dismissal order and the other party does *not* raise the absence of a separate judgment).[1]

Accordingly, it is **ORDERED AND ADJUDGED**:

1.     The Objection (Doc. 129) is **OVERRULED**.

2.     The R&R (Doc. 125) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

3.     The Motion (Doc. 71) is **GRANTED**.

4.     The Clerk is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiffs.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 14, 2023.



ROY B. DALTON JR.
United States District Judge

---

[1] *See generally Fogade v. ENB Revocable Tr.*, 263 F.3d 1274, 1286–87 & n.10 (11th Cir. 2001) (noting that where Rule 58 requirement was not waived, district court did not lose jurisdiction to enter separate judgment).