# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DAVID W. FOLEY, JR.** and
**JENNIFER T. FOLEY,**

      **Plaintiffs,**

v.                                            Case No: 6:22-cv-456-RBD-EJK

**ORANGE COUNTY, ASIMA AZAM, TIM BOLDIG, FRED BRUMMER, RICHARD CROTTY, FRANK DETOMA, MILDRED FERNANDEZ, MITCH GORDON, TARA GOULD, CAROL HOSSFIELD, TERESA JACOBS, RODERICK LOVE, ROCCO RELVINI, SCOTT RICHMAN, JOE ROBERTS, MARCUS ROBINSON, TIFFANY RUSSELL, BILL SEGAL, PHIL SMITH,** and **LINDA STEWART,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on the following Motions:

- Defendants' Motion for Sanctions, filed October 19, 2022 (Doc. 73);

- Defendants Orange County, Employees and Officials' Motion to Declare Plaintiffs Vexatious Litigants, filed December 6, 2022 (Doc. 100) (collectively, the "Motions").

Plaintiffs, proceeding *pro se*, responded in opposition. (Docs. 91, 107.) Thus, the Motions are ripe for review. Upon consideration, I respectfully recommend that the

Motions be granted in part and denied in part.

## I.     BACKGROUND

On March 3, 2022, Plaintiffs filed this action against Phil Smith, Mitch Gordon, Rocco Relvini, Tara Gould, Tim Boldig, and Carol Hossfield n/k/a Carol Knox (the "Employee Defendants"), Orange County, and Linda Stewart, Bill Segal, Frank Detoma, Mildred Fernandez, Teresa Jacobs, Roderick Love, Scott Richman, Joe Roberts, Marcus Robinson, Tiffany Russell, Asima Asam, Fred Brummer, and Richard Crotty (the "Official Defendants"), alleging a Fifth Amendment takings claim and a procedural due process violation under 42 U.S.C. § 1983. (Doc. 1.) Notably, this is the fourth case in a series of cases brought in state and federal court by Plaintiffs. The issues underlying this case originated *sixteen* years ago, in 2007, after Plaintiffs were found in violation of county code for maintaining a commercial aviary. (*See id.*) Plaintiffs challenged that decision in court, and upon review, the Ninth Judicial Circuit and the Fifth District Court of Appeal upheld the Orange County Code Enforcement Board's and the Board of County Commissioners' decision. (Docs. 34-1, 34-3, 34-4.)

Plaintiffs subsequently filed their initial suit in this Court over ten years ago, on February 21, 2012. *See* Case No. 6:12-cv-269-RBD-KRS. The Court dismissed the Official Defendants and the Employee Defendants. *Foley v. Orange Cnty.*, No. 6:12-cv-269-RBD-KRS, slip op. at Doc. 150 (M.D. Fla. Dec. 4, 2012). While the case continued with Orange County, this Court ultimately granted summary judgment in favor of the County on all federal claims, despite finding that the County's land use ordinances violated the Florida Constitution. (*Id.* at Doc. 290.)

Following this Court's decision, the Plaintiffs and the County filed cross-appeals in the Eleventh Circuit. In a decision dated January 29, 2016, the Eleventh Circuit found that the federal claims on which this Court's federal-question jurisdiction was based were "frivolous." *Foley v. Orange Cnty.*, 638 F. App'x 941, 942 (11th Cir. 2016.) Consequently, the Eleventh Circuit vacated this Court's judgment and remanded the case "with instructions that the court dismiss the case without prejudice for lack of subject matter jurisdiction." *Id.* at 946.

Meanwhile, Plaintiffs filed another complaint in the Ninth Judicial Circuit Court against Defendants alleging the same federal due process claim raised in the first federal lawsuit. (Doc. 34-9.) The Ninth Judicial Circuit determined that the Employee Defendants and the Official Defendants were protected by qualified immunity and dismissed all claims against them with prejudice. (Docs. 34-11.) The Ninth Judicial Circuit later dismissed the suit with prejudice as to Orange County, as well. (Doc. 34-13.) Both decisions were affirmed by the Fifth District Court of Appeal. (Docs. 34-14, 34-15.) The Ninth Judicial Circuit granted the Motions for Sanctions filed by the Employee and Official Defendants against Plaintiffs for filing frivolous claims. (Doc. 73 at 17-28.)

Finally, Plaintiffs initiated the instant lawsuit against Defendants on March 3, 2022, for the same incidents alleged in the prior lawsuits. (Doc. 1.) On May 13, 2022, the Employee Defendants and Official Defendants moved to dismiss with prejudice on the grounds of res judicata and qualified immunity (Docs. 35, 36), and the Court granted their motions. (Doc. 70.) This case was closed on October 11, 2022. The

Motion for Sanctions was filed on October 19, 2022 (Doc. 73), and the Motion to Declare Plaintiffs Vexatious Litigants was filed on December 6, 2022. (Doc. 100.)

## II. STANDARD

### A. Motion to Declare Plaintiffs Vexatious Litigants

Federal courts have the power to manage their dockets and curb vexatious litigation. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). The All Writs Act provides that "[t]he Supreme Court and all courts established by an act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law." 28 U.S.C. § 1651. The All Writs Act enables federal district courts to enjoin vexatious litigants from filing actions in both judicial and non-judicial forms. *Bernath v. Seavey*, No. 2:15-cv-358-FtM-38CM, 2017 WL 3602068, at *1 (M.D. Fla. Aug. 18, 2017).

### B. Motion for Sanctions

Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1299 (11th Cir. 2001). When ruling, a court must make "a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware they were frivolous." *Baker v. Alderman*, 158 F.3d

516, 524 (11th Cir. 1998.)

## III. DISCUSSION

On October 19, 2022, Defendants filed the Motion for Sanctions, pursuant to Federal Rule of Civil Procedure 11, seeking an injunction prohibiting Plaintiffs from filing a new action against Defendants without leave from this Court. (*See* Doc. 73.) Thereafter, on December 6, 2022, Defendants filed the Motion to Declare Plaintiffs Vexatious Litigants, seeking similar injunctive relief. (Doc. 100.) Given the similarity in the requested relief in the two motions, the Court will focus its analysis on the second motion.[1]

Judges have broad discretion to address vexatious litigants in their courts. For example, the court has "the ability to strike pleadings, impose monetary sanctions, impose pre-filing screening requirements, and the power of contempt." *Ho v. Warren*, 8:21-cv-2621-TPB-CPT, 2021 WL 5494374, at *2 (M.D. Fla. Nov. 23, 2021). Generally, the threat of monetary sanctions is sufficient to stop improper behavior. "However, [that] approach[] do[es] nothing to stop *pro se* litigants who are not members of the bar, or who have no assets and are, for practical purposes, judgment-proof. For these members, admonishment by a judge or the imposition of a monetary sanction means nothing and does not deter vexatious litigants." *Id.* In such circumstances, a more direct approach is required. Federal courts also have the ability

---

[1] If the presiding District Judge determines that sanctions should be considered pursuant to Rule 11, then the undersigned respectfully requests that the matter be referred for additional findings.

to enjoin litigants from filing actions or otherwise limit their filings, pursuant to the "All Writs Act" (28 U.S.C. § 1651). *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002). In determining whether an alleged vexatious litigant's conduct is sufficient to justify entry of an injunction against him, the following factors provide guidance:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, (5) whether other sanctions would be adequate to protect the courts and other parties.

*Ray v. Lowder*, No. 5:02–CV–316–OC–10GRJ, 2003 WL 22384806, at * 2 (M.D. Fla. Aug. 29, 2003) (footnotes omitted). The undersigned will review the factors in turn.

1. **Plaintiffs' extensive litigation history and whether it entails vexatious, harassing, or duplicative lawsuits.**

In Plaintiffs' 2017 action in the Ninth Judicial Circuit, they sought declaratory and injunctive relief pursuant to Florida Homestead law alleging negligence, unjust enrichment, and conversion (Count Three); a takings claim (Count Four); abuse of process to invade privacy and conversion (Count Five); civil theft (Count Six); and a due process claim (Count Seven). (Doc. 34-10.) In the instant action, Plaintiffs pursued a Section 1983 claim against Defendants, alleging a Fifth Amendment Takings Clause violation and a procedural due process violation. (Doc. 1.)

However, this Court and the State courts had already ruled against Plaintiffs on the claims that they originally asserted. In fact, Plaintiffs' claims in both state and federal court clearly relate to the nearly identical allegations concerning their code enforcement violations. (Docs. 1, 34-10.) Therefore, the claims were "barred by principles of *res judiciata* and collateral estoppel because [Plaintiffs'] arguments . . . were all arguments which could have been or were raised during the course of [ ] previous lawsuits." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1998) (internal quotations omitted). And while some of the claims asserted differ, they would still be barred, as "[r]es judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993). Because Plaintiffs' claims arise from the same "nucleus of operative facts" as in both previous lawsuits, res judicata applies. (*See* Doc. 70.)

While the Court typically grants *pro se* litigants significant leeway with their pleadings, that leniency does not serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Id.* (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). Accordingly, the undersigned finds that Plaintiffs' claims and history of litigation are vexatious.

### 2. Plaintiffs' expectation of prevailing.

Plaintiffs are not attorneys, and there is no evidence that they have any legal education. Nevertheless, reasonable inquiry should have revealed to Plaintiffs that their claims were objectively frivolous and that they were unlikely to prevail.

Plaintiffs had direct notice through the previous decisions of the Ninth Judicial Circuit, the Fifth District Court of Appeal, this Court, and the Eleventh Circuit that their claims against Defendants were frivolous. This is further supported by the sanctions ordered against them by the Ninth Judicial Circuit. (Doc. 73 at 17–28.) Despite these repeated adverse findings, Plaintiffs nevertheless pursued the instant lawsuit in this Court.

Furthermore, the undersigned is persuaded by Defendants' assertion that Plaintiffs are not typical *pro se* litigants. (Doc. 73 at 68.) Rather, Plaintiffs have demonstrated a level of sophistication through their years of state and federal court filings. Plaintiffs have clearly displayed their ability to research, comprehend, and argue the law before this Court. Thus, Plaintiffs are capable of recognizing "that once a judgment has been entered one cannot file another lawsuit to object to the conduct of the first." *Patterson*, 841 F.2d at 387.

### 3. Plaintiffs have proceeded *pro se* throughout the duration of this litigation.

As previously stated, Plaintiffs have represented themselves throughout the lengthy course of this litigation, both in state and federal court. This factor weighs in favor of entering injunctive relief against Plaintiffs.

### 4. In light of Plaintiffs' lengthy litigation history, Plaintiffs have imposed great expense on Defendants and have burdened the courts with excessive filings.

Plaintiffs have filed several actions in both state and federal court, resulting in great expense to the defending parties and a significant burden on the court systems. *See Lowder*, 2003 WL 22384806, at *3 ("[N]umerous irrelevant and frivolous f[i]lings by the Plaintiff . . . has caused the Court and its personnel to waste their time and resources . . . ."). This factor weighs in favor of entering injunctive relief against Plaintiffs.

### 5. Alternative sanctions would be both inadequate and overbroad.

While a monetary sanction is a typical form of deterrence, that sanction is effective only when the money can be collected. Moreover, even if Plaintiffs could pay a monetary sanction, there is little indication it would deter them from their "near obsession" with this matter. *See Riccard*, 307 F.3d at 1295. Indeed, the Ninth Judicial Circuit previously ordered monetary sanctions against Plaintiffs, to no avail. (*See* Doc. 73 at 17-28.) This district has found that an alternative to monetary sanctions is often necessary when faced with *pro se* parties behaving improperly. *Ho*, 2021 WL 5494374, at *2; *see Emrit v. DeVos*, 8:20-cv-773-T-60TGW, 2020 WL 9078298, at *2 (M.D. Fla. April 20, 2020) (pro se plaintiff declared vexatious litigant following numerous frivolous lawsuits).

While non-monetary sanctions are appropriate in this case, the undersigned finds that the injunction that Defendants seek in their Motion—which would prevent Plaintiffs from initiating a lawsuit against them in *any* court—would not be appropriate

at this juncture. While Plaintiffs have initiated two state actions and two federal actions, the undersigned recommends allowing the state courts to decide whether to enjoin Plaintiffs from filing lawsuits against Defendants there. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). But as to this federal forum, the undersigned recommends restricting Plaintiffs' ability to initiate lawsuits.

## IV. CONCLUSION

Plaintiffs have a sixteen-year history of non-meritorious litigation, involving multiple frivolous filings, that has placed a significant burden on the defendants and the courts. Because monetary sanctions have been ineffective in deterring Plaintiffs from their obsessive litigation, the undersigned recommends that the Court declare Plaintiffs vexatious litigants whose future filings should be restricted by the Court.

## V. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT IN PART** the Motion to Declare Plaintiffs Vexatious Litigants (Doc. 100) and **ORDER** that Plaintiffs be restricted from filing any pleading to open a new case in the U.S. District Court for the Middle District of Florida. Any further pleadings filed by Plaintiffs in this District will be assigned to and reviewed by the judges assigned to this case.

2. **DENY AS MOOT** the Motion for Sanctions. (Doc. 73.)

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on May 12, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE