UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID W. FOLEY, JR.; and
JENNIFER T. FOLEY,

    Plaintiffs,

v.                                                   Case No. 6:22-cv-456-RBD-EJK

ORANGE COUNTY; ASIMA AZAM;
TIM BOLDIG; FRED BRUMMER;
RICHARD CROTTY; FRANK
DETOMA; MILDRED FERNANDEZ;
MITCH GORDON; TARA GOULD;
CAROL HOSSFIELD; TERESA
JACOBS; RODERICK LOVE;
ROCCO RELVINI; SCOTT
RICHMAN; JOE ROBERTS;
MARCUS ROBINSON; TIFFANY
RUSSELL; BILL SEGAL; PHIL
SMITH; and LINDA STEWART,

    Defendants.
_____

## ORDER

Before the Court are: the Employee Defendants' and the County's fee motions (Docs. 182, 183); their joint motion asking the Court to consider the fee motions out-of-time (Doc. 188); then-U.S. Magistrate Judge Embry J. Kidd's Report and Recommendation ("R&R") on those motions (Doc. 199); and Plaintiffs' motion seeking "adversary submissions" on the fee motions (Doc. 201).

The Court closed this long-running case back in October 2022 and then

determined that Defendants were entitled to attorney's fees in November 2023. (Docs. 70, 177.) In March 2024, the Employee Defendants (Phil Smith, Mitch Gordon, Rocco Relvini, Tara Gould, Tim Boldig, and Carol Hossfield n/k/a Carol Knox) and Orange County each moved for a determination of the amount of those fees. (Docs. 182, 183.) Defendants also jointly filed a motion asking the Court to consider the fee motions out-of-time because they were filed too long after the entitlement Order, in violation of the Local Rules. (Doc. 188.) Plaintiffs responded in opposition to all three motions, and Defendants replied. (Docs. 189, 190, 191, 195.) In November 2024, Judge Kidd entered the R&R, recommending the Court consider the motions out-of-time and award the requested fees (albeit slightly reduced). (Doc. 199.) Plaintiffs objected. (Doc. 202 ("Objection").) They also filed a motion seeking "adversary submissions" on the fee motions. (Doc. 201.) Defendants responded in opposition to that motion and in support of the R&R. (Docs. 204–07.) These matters are ripe.

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*,

896 F.2d 507, 513 (11th Cir. 1990).

After an independent *de novo* review of the record, including Plaintiffs' Objection, the Court agrees entirely with Judge Kidd's well-reasoned and thorough R&R. Plaintiffs identify four areas of objection, none with merit.

First, Plaintiffs argue Judge Kidd erred in applying *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), in support of finding excusable neglect and good cause to consider the fee motions out-of-time; they argue that defense counsel's misunderstanding of the law is no excuse and the inquiry should end there. (Doc. 202, pp. 1–3 (citing *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996 (11th Cir. 1997)).) Not so. Judge Kidd properly rejected misunderstanding of the law as sufficient reason for the delay, but he found the other three *Pioneer* factors—the admitted absence of prejudice, the lack of impact to the proceedings, and the lack of bad faith—outweighed that one. (Doc. 199, pp. 4–6 (citing *Advanced Estimating*)); *see Pioneer*, 507 U.S. at 395 n.13 ("The dissent [argues] . . . that the factors relevant to this inquiry extend no further than the movant's culpability and the reason for the delay. We cannot agree." (citation omitted)); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (noting the "primary importance" of the lack of prejudice and impact to the proceedings factors). Because Judge Kidd appropriately applied *Pioneer*, there is no error here.

3

Second, Plaintiffs argue the Court erred in finding entitlement to fees at all because the Eleventh Circuit denied appellate fees. (Doc. 202, pp. 3–4.) Again, this is wrong. The appeal was not frivolous. (Doc. 180, p. 12.) But the underlying case is. The Eleventh Circuit acknowledged that Plaintiffs' claims were barred (*id.* at 10), and it agreed with this Court that Plaintiffs are vexatious litigants, justifying filing restrictions to weed out their frivolous claims (Doc. 196). So the Court's Order finding Defendants entitled to fees because Plaintiffs' claims were frivolous (Doc. 177) was correct.

Third, Plaintiffs argue the R&R erred in awarding fees both to the Employee Defendants and to the County because the County was paying for both sets of attorneys. (Doc. 202, pp. 4–6 (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988)).) Judge Kidd properly rejected this argument, noting that Plaintiffs identify no case law that requires different attorneys for differently situated parties to share the same work even if they are paid from the same source.[1] (Doc. 199, p. 9 (citing *Norman*).) And he carefully

---

[1] Plaintiffs' thinly sketched request for "adversary submissions" (Doc. 201) appears to be related to this point—they want to provide some unclear expert testimony on the fee motions. (Doc. 202, pp. 5–6.) But a district judge need not consider an argument that was not first properly presented to the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). And Plaintiffs' earlier request for adversary submissions was improperly buried in their opposition to the fee motions, not properly presented as an affirmative motion to Judge Kidd. (*See* Doc. 190, p. 19; Doc. 191, p. 16); *Ajjahnon v. Amerilife of N.C., LLC*, No. 6:22-cv-329, 2024 WL 2784843, at *2 (M.D. Fla. May 30, 2024). So this request is due to be denied. In any event, if Plaintiffs had some sort of expert testimony to present to Judge Kidd in opposition to the fee motions, they had the opportunity to attach that evidence to their responses, but they did not.

4

considered whether any hours were actually duplicative or unnecessary—in some cases reducing the requested amount—so he made no error on this point. (*See, e.g.*, *id.* at 15–16.)

Fourth, Plaintiffs argue the R&R erred in approving fees for the time spent on failed collateral fee motions. (Doc. 202, p. 6.) But as Judge Kidd properly noted, an overall prevailing party need not be penalized for individual unsuccessful motions, so a reduction for those fees is unwarranted. (Doc. 199, p. 11 (citing *Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1580 (11th Cir. 1990)).) So Plaintiffs' Objection is due to be overruled in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' Objection (Doc. 202) is **OVERRULED**.

2. The R&R (Doc. 199) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. Defendants' motion to consider the fee motions out-of-time (Doc. 188) is **GRANTED**.

4. The Employee Defendants' fee motion (Doc. 182) is **GRANTED IN PART**. Plaintiffs are **ORDERED** to pay the Employee Defendants attorney's fees in the amount of **$62,881.50**.

5. The County's fee motion (Doc. 183) is **GRANTED IN PART**. Plaintiffs are **ORDERED** to pay the County attorney's fees in the amount of

      **$52,250.00**.

6. Plaintiffs' motion seeking adversary submissions (Doc. 201) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 26, 2025.



ROY B. DALTON, JR.
United States District Judge