**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID W. FOLEY, JR.; and
JENNIFER T. FOLEY,

Plaintiffs,

v. Case No. 6:22-cv-456-RBD-RMN

ORANGE COUNTY; ASIMA AZAM;
TIM BOLDIG; FRED BRUMMER;
RICHARD CROTTY; FRANK
DETOMA; MILDRED FERNANDEZ;
MITCH GORDON; TARA GOULD;
CAROL HOSSFIELD; TERESA
JACOBS; RODERICK LOVE;
ROCCO RELVINI; SCOTT
RICHMAN; JOE ROBERTS;
MARCUS ROBINSON; TIFFANY
RUSSELL; BILL SEGAL; PHIL
SMITH; and LINDA STEWART,

Defendants.

---

**ORDER**

This long-running case is back before this Court after the Eleventh Circuit affirmed the latest in a series of appeals. The appellate court granted Defendants entitlement to appellate attorney's fees as a sanction for Plaintiffs' frivolous appeal and then remanded the case back to this Court for a determination of amount. (Doc. 234; *see* Doc. 249.) So the Official Defendants (Doc. 235) and the Employee Defendants (Doc. 243) now seek their fees. The motions were referred

to U.S. Magistrate Judge Robert M. Norway, which motions are back before the Undersigned on Report and Recommendations ("R&R"). (Docs. 253, 254; *see* Doc. 250.) Of course, Plaintiffs objected. (Docs. 252, 256, 257.)

On the Official Defendants' motion (Doc. 235; *see* Doc. 242), Judge Norway found that the request to determine the amount of fees was timely. (Doc. 254.) He also found that the Official Defendants' request for $1,402.00 in fees and $98.32 in costs was reasonable, noting that they reduced their request in response to Plaintiffs' comments and that Plaintiffs had no objection to these finalized amounts. (*Id.*) Plaintiffs nevertheless objected to the R&R on the grounds that the motion was not timely and that they disagree with the R&R's characterization of their claim. (Doc. 257.)

Plaintiffs' concern about the characterization of their claim is baseless; the Eleventh Circuit has found numerous times that they have no valid claim. This motion is about fees, not the merits. Plaintiffs' argument about the timeliness of the motion is similarly baseless. Under Local Rule 7.01(c) (to the extent it even applies post-remand),[1] the requisite forty-five day period from the filing of the opinion on October 29, 2025, ended on Saturday, December 13, 2025, so the motion

[1] *See Davidson v. City of Avon Park*, 848 F.2d 172, 173 (11th Cir. 1988) ("While it is clear that district courts are authorized to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees, such rules have no binding effect on this court with regard to fees on appeal." (cleaned up)).

was due the next business day, Monday, December 15, 2025—the day it was filed. (Doc. 235.) Likewise, Plaintiffs' assertion that the Official Defendants should have filed a motion for entitlement first is baseless; the Eleventh Circuit explicitly determined entitlement. (Doc. 234, p. 11 ("The appellees are awarded their attorney's fees for litigating this appeal and double costs. We remand this case to the district court to determine the amount of attorney's fees and costs to be awarded." (emphasis removed)).)

So after an independent *de novo* review of the record, the motion, and the objection, the Court agrees entirely with Judge Norway's R&R on the Official Defendants' motion, and Plaintiffs' objection is due to be overruled. *See* 28 U.S.C. § 636(b)(1)(C); *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Turning to the Employee Defendants' motion (Doc. 243), Judge Norway initially issued an R&R (Doc. 250) to which Plaintiffs objected (Doc. 252); he later amended his ruling via a second R&R to clarify two sentences (Doc. 253). So the initial R&R is due to be rejected as moot, as is that objection. The operative R&R found that the motion was timely and that the Employee Defendants' request for $4,999.00 in fees and $601.80 in costs was reasonable. (*Id.*) Plaintiffs objected to the R&R on the same grounds as the Official Defendant R&R, and their objections are

due to be overruled for the same reasons.[2] (*See also* Doc. 258.)

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' objection to the Official Defendant R&R (Doc. 257) is **OVERRULED**.

2. The Official Defendant R&R (Doc. 254) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

3. The Official Defendants' motion (Doc. 235) is **GRANTED**.

4. The Official Defendants[3] are **AWARDED** attorney's fees in the amount of **$1,402.00** and costs in the amount of **$98.32**. The Clerk is **DIRECTED** to enter judgment in favor of the Official Defendants and against Plaintiffs to that effect.

5. The initial Employee Defendant R&R (Doc. 250) is **REJECTED AS MOOT**.

6. Plaintiffs' objection to the initial Employee Defendant R&R (Doc. 252) is **OVERRULED AS MOOT**.

7. Plaintiffs' objection to the operative Employee Defendant R&R (Doc. 256) is **OVERRULED**.

---

[2] On the timeliness point, the Employee Defendants' current motion (Doc. 243) is an amended version that was revised to include Plaintiffs' objections. The original version of the motion (Doc. 236) was timely filed on December 15, 2025.

[3] The Official Defendants are Asima Azam, Fred Brummer, Richard Crotty, Frank Detoma, Mildred Fernandez, Teresa Jacobs, Roderick Love, Scott Richman, Joe Roberts, Marcus Robinson, Tiffany Russell, Bill Segal, and Linda Stewart.

8. The operative Employee Defendant R&R (Doc. 253) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

9. The Employee Defendants' motion (Doc. 243) is **GRANTED**.

10. The Employee Defendants[4] are **AWARDED** attorney's fees in the amount of **$4,999.00** and costs in the amount of **$601.80**. The Clerk is **DIRECTED** to enter judgment in favor of the Employee Defendants and against Plaintiffs to that effect.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 24, 2026.

ROY B. DALTON, JR.
United States District Judge

[4] The Employee Defendants are Phil Smith, Mitch Gordon, Rocco Relvini, Tara Gould, Tim Boldig, and Carol Hossfield n/k/a Carol Knox.